IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **DIANE REED BRIGHT, INDIVIDUALLY and** as **PERSONAL REPRESENTATIVE FOR THE ESTATE OF DECEDENT JAMES SCOTT REED** § § § § *Plaintiff*, § § V. § § **THE CITY OF KILLEEN, TEXAS** § **ANTHONY R. CUSTANCE, RICHARD A.** § **HATFIELD, JR., FRED L. BASKETT, AND** § **CHRISTIAN SUESS** § § *Defendants*. § | CIVIL CAUSE NO. 6:20-CV-431 |

**DEFENDANT THE CITY OF KILLEEN, TEXAS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendant the City of Killeen, Texas, and makes and files this, its Motion to Dismiss under *Federal Rules of Civil Procedure Rule* 12(b)(6), seeking to dismiss Plaintiff's Complaint and the claims and case against it, and in support would respectfully show as follows:

### I.  INTRODUCTION

Diane Reed Bright ("Bright") filed this lawsuit on her own behalf, and on behalf of the estate of James Scott Reed ("Reed"), in relation to a shooting incident that occurred during the execution of a search warrant. Officers of the Killeen Police Department executed a search warrant at Reed's apartment. As they did so, Reed drew a weapon and fired at the officers. Officers returned fire and Reed was hit and died from his injury.

Bright filed this lawsuit alleging that the officers' actions in executing the search warrant violated Reed's federal civil rights. In support of her claim against the City, Bright alleges that

the City failed to implement necessary policies and implemented unconstitutional policies. However, despite having a section of her complaint titled "The City's Policies, Customs and Practices", Plaintiff does not allege any factual details to support a policy, custom or practice, adopted by the City through deliberate indifference, that was the moving force behind any violation of Plaintiff's civil rights. Because Plaintiff has not alleged facts to support these essential elements of municipal liability, Plaintiff has failed to state a plausible claim against the City, and the case against the City should be dismissed.[1]

## II. AUTHORITIES AND ANALYSIS

### A. STANDARD FOR DISMISSAL UNDER 12(b)(6)

Under *Federal Rule of Civil Procedure* 12(b)(6), a federal court is authorized to dismiss a complaint that fails "to state a claim upon which relief can be granted." A court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). A Court need not, however, "accept as true a legal conclusion couched as factual allegation" nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Naked "the-defendant-unlawfully-harmed-me accusations," devoid of factual enhancement, are insufficient to survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557).

Rather, the plaintiff must plead specific facts to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to"

---

[1] Any claim against individual officers in their official capacity should be dismissed because "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, a claim against an officer in his official capacity is redundant of a claim against the municipality that employs him and should be dismissed if the case against the municipality is dismissed. *See, e.g., Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

demonstrate that he has a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Supreme Court has made clear this plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, . . . ." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

B.      **REASONS FOR DISMISSAL UNDER 12(b)(6)**

A governmental entity cannot be held liable under 42 U.S.C. § 1983 through respondeat superior or vicarious liability. *See Monnell v. City of N.Y. Dept. of Social Serv.,* 436 U.S. 658, 694 (1978); *Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985); *Worsham v. City of Pasadena*, 881 F.2d 1336, 1339-40 (5th Cir. 1989). The liability of a governmental entity must be direct, not vicarious. *See Bennett v. City of Slidell*, 728 F.2d 762, 765 (5th Cir. 1984). A governmental entity can have civil rights liability "when, and only when," policies promulgated by a "policy maker" "cause [its] employees to violate another person's constitutional rights." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988). To hold a governmental entity liable under § 1983, a plaintiff must establish (1) that a policy maker (2) promulgated an official policy or a unofficial custom (3) that through the municipality's deliberate conduct (4) was the "moving force" behind a (5) constitutional violation. *Board of County Comm'rs of Bryan Co., OK  v. Brown*, 520 U.S. 397, 403 (1997); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

      1.      *Plaintiff has not alleged facts to show an official policy of the City as the moving force behind the alleged constitutional violations*

To impose liability on a municipality, a plaintiff must show that the alleged constitutional violation at issue was the result of an official policy of the municipality, or a custom or practice of the municipality. *See Brown*, 520 U.S. at 403. An "official policy" is a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the governmental entities lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. *See Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Plaintiff has not alleged facts to support the conclusion that the City of Killeen had any official policy relevant to the alleged violations of Reed's rights.

In fact, Plaintiff appears to disclaim reliance on an official policy, focusing her pleadings on an alleged pattern of prior violations and a "de facto" policy, which she alleges differs from the City's written policy, and alleging that the officers violated applicable use of force policies. Doc. #1, ¶¶56, 63, 91-93, 95. Plaintiff does allege that the City did not train officers on appropriate methods and techniques on the use of force and execution of warrants, or on de-escalation strategies. Doc. #1, ¶¶64-67, 73, 87-92. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). A policy of inadequate training can be used to impose liability on a governmental entity only under "limited circumstances." *Id.*

To support a failure-to-train claim, a plaintiff must show that (1) the governmental entity's training procedures were inadequate, (2) the entity was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused the alleged constitutional violation. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). "The description of a policy or custom and its relationship to the underlying constitutional violation,

moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997); *see also Fraire v. Arlington*, 957 F.2d 1268, 1277-81 (5th Cir. 1992) (same).

Plaintiff does not allege any details as to any relevant official training policy. Plaintiff alleges that the City's training was inadequate and was not sufficient to curtail the use of excessive force but does not ever describe the details of any training policy or how the training policy is inadequate. Plaintiff's conclusory characterization of the City's training as inadequate, with no description of the training policy or explanation of its inadequacy, is not sufficient to state a plausible failure-to-train claim. *Spiller*, 130 F.3d at 167 (failure-to-train allegations cannot be conclusory); *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993), overruled on other grounds, *Leatherman v. Tarrant Cty. Narcotics & Coordination Unit*, 507 U.S. 163 (1993) (A complaint's "mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.").

Plaintiff's only real attempt to try to show that the City's training or use-of-force policies are inadequate is to point to the result in this case—that Mr. Reed was shot. But aside from the fact that (as set out in the officers' separately filed motion to dismiss) there was no constitutional violation in the shooting of Reed, Plaintiff's pointing to the outcome in the scenario at issue in this case does not allege an inadequate policy. Municipal liability under *Monnell* cannot be vicarious. *See Monnell,* 436 U.S. at 694. Thus, the Fifth Circuit has stated that it is reluctant to apply a single-incident theory[2], and has held that proof of a single violent incident is ordinarily insufficient to impose governmental liability,[3] and has held that, as a matter of law, a single

---

[2] *Roberts*, 397 F.3d at 295
[3] *Snyder v. Trepagnier*, 142 F.3d 791, 798-99 (5th Cir. 1998).

shooting incident was not enough to impose liability on a governmental entity. *Rodriguez v. Avita*, 871 F.2d 552, 554-55 (5th Cir. 1989). Only in rare circumstances can a single incident establish inadequate training. *See Connick*, 563 U.S. at 63-64.

Plaintiff complains about the dangers of the use of no-knock warrants, and alleges that the City did not adequately train its offers on the execution of such a warrant. Doc. #1, ¶64. But no-knock warrants are not *per se* unconstitutional[4], and Plaintiff has not alleged any details about the City's policy on the use of such warrants, how any such policy is inadequate, or how this incident was so extreme as to justify holding the City liable based on this single incident. *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) (discussing *Brown v. Bryan County*, 219 F.3d 450, 454-455 (5th Cir. 2000) and the extreme facts of that case, including the hiring of a deputy with a history of violence, an active warrant, and giving that deputy no training).

Plaintiff also alleges that the City ratified the violation of Reed's rights, apparently by not disciplining the officers involved in the warrant or by not firing the officers. Doc. #1, ¶¶61, 67, 73. Courts in the Fifth Circuit have recognized that a ratification theory is available under § 1983 only "in the most extreme factual situations." *Schaefer v. Whitted*, 121 F. Supp. 3d 701, 720 (W.D. Tex. 2015). Without significant limitations on the ratification theory, § 1983 liability could become essentially respondeat superior, which is impermissible under Supreme Court precedent. *See Milam*, 113 Fed. Appx. at 627; *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir.1998) (quoting *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397 (1997)). Thus, to impose governmental liability under a ratification theory, a plaintiff must allege a factually extreme situation and that a policymaker in the governmental entity knew that the basis for the employee's conduct was improper, but approved the acts or omissions anyway. *See*

---

[4] *See United States v. Cantu*, 230 F.3d 148, 152 (5th Cir. 2000); *Mason v. Lowndes Cty. Sheriff's Dep't.*, 106 F. App'x 203, 208 (5th Cir. 2004) (mem. op.).

*St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985); *see also Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 604 (5th Cir. 2001) (refusing to impose liability based on policymaker's approval of a subordinate's decision without a showing that the policymaker had actual knowledge of the improper basis of the subordinate's decision); *Allen v. City of Galveston, Tex.*, No. G-06-467, 2008 U.S. Dist. LEXIS 26251, 2008 WL 905905, at *8 (S.D. Tex. March 31, 2008) (citing *Coon v. Ledbetter*, 780 F.2d 1158, 1162 (5th Cir. 1986)) ("[A] municipality is not liable under the ratification theory where a Police Chief accepts his officers' version of events, so long as 'that version did not show that the deputies' actions were manifestly indefensible.'").

Plaintiff has not alleged any facts to show that the events of this case are so extreme as to fall within the narrow permissible parameters of a ratification theory. *Cf. Grandstaff*, 767 F.2d at 165-66, 170-72 (unarmed property owner was shot several times by officers who followed a suspect onto the property owner's ranch and knew of the owner's presence). Nor has Plaintiff alleged facts to show that the City knew that the basis for the officers' conduct was improper, but approved their conduct anyway. To the contrary, Plaintiff alleges that the officers acted contrary to City policy (which the City denies, but this motion is based on Plaintiff's pleadings). Doc. #1, ¶56. And Plaintiff alleges that the officers fabricated a story (which again the City denies) to cover up their conduct. Doc. #1, ¶55. However, Plaintiff does not allege any facts to show that the City ever learned that the facts reported by Hatfield, Suess, and Baskett were incorrect or improper and the City denies that they were incorrect or improper.

Showing that the City did just the opposite of giving blanket ratification or approval to the shooting incidents and the officers' statements, Plaintiff's complaint acknowledges and pleads that after the shooting incident, the Killeen Police Department requested that the Texas Rangers conduct an investigation of the incident. Doc. #1, ¶¶24. The Rangers conducted an

investigation and based on the findings of the investigation, charges against Custance were presented to the grand jury, Custance was indicted, he ultimately pled guilty to a felony, and Custance was required to relinquish his Texas Peace Officer's license for life Doc. #1, ¶45 and that he resigned from the Killeen Police Department Doc.#1,¶61, thus negating any alleged ratification by the City.

Plaintiff also alleges that the City is liable under 42 U.S.C. § 1985(3). As with municipal liability under § 1983, liability under § 1985(3) must be based on a municipal policy, custom or practice. *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979). For similar reason as set out above, Plaintiff has not alleged any facts to show any basis for holding the City liable under § 1985. Plaintiff has not alleged any facts to show that the City has an official policy of conspiring to deprive citizens of their rights in relation to the use of deadly force. Nor has Plaintiff pled a pattern of prior, similar incidents to show a custom or practice of the City to conspire to violate the rights of citizens in relation to the use of deadly force. Moreover, a conspiracy under § 1985(3) requires an agreement between two or more persons. But an entity and its employees are regarded as a single entity for purposes of civil conspiracy and conspiracies under § 1985(3). *Hampshire v. Port Arthur Indep. Sch. Dist*., No. 1:06-CV-442-TH, 2007 U.S. Dist. LEXIS 116403, at *24 (E.D. Tex. 2007). Thus, there can be no conspiracy between the City and its employees.

Consequently, Plaintiff has failed to allege facts to show that the City had any official policy relevant to the alleged violations of Reed's rights or to allege facts to support any other basis, such as ratification or the single-incident theory, that would support liability against the City. *E.g. Reshkovsky v. Valerio*, NO. 4:16-CV-1572, 2017 U.S. Dist. LEXIS 47221, at *13-14 (S.D. Tex. 2017) (conclusory allegations of failure to train and failure to supervise did not state a plausible claim).

### 2. *Plaintiff has not alleged facts to show a custom or practice at the City that led to any alleged constitutional violation*

The Fifth Circuit has explained that a plaintiff relying on an alleged custom or practice to establish governmental liability must demonstrate a "pattern of abuses that transcends the error made in a single case,"[5] and is a pattern of "persistent, often repeated, constant violations." *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001); *see also Pineda v. City of Houston,* 291 F.3d 325, 329 (5th Cir. 2002). A pattern of prior violations sufficient to establish a custom that reflects the governmental entity's policy "requires similarity and specificity: '[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Peterson*, 588 F.3d at 851 (quoting *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir.2005)). "A pattern also requires 'sufficiently numerous prior incidents,' as opposed to 'isolated instances.'" *Id*. (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir.1989)); *see also Oporto v. City of El Paso*, EP-10-CV-110-KC, 2012 U.S. Dist. LEXIS 82493, at *13-15 (W.D. Tex. 2012) (noting that to show custom, a plaintiff must show a sufficient number, based on the size of the police force, of similar incidents).

In an attempt to allege a custom that resulted in the alleged violation of Reed's rights, Bright points to only two incidents. One she describes as follows—

> On June 6, 2016, KPD Officer Micaire Morrisey was fired after it was discovered that he lied to investigators in criminal and internal investigations that followed the sexual assault accusation against another officer.

Doc. #1, ¶95. This incident occurred over 2 and one half years before the February 2019 execution of the warrant at issue. Doc. #1, ¶17. Aside from this gap in time, this alleged incident

---

[5] *Peterson v. City of Fort Worth, Texas*, 588 F.3d 838, 850–51 (5th Cir.2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 582 (5th Cir. 2001)).

has no relevant similarity to the alleged violation of Reed's rights. Bright alleges that during the execution of a no-knock warrant, Reed was subjected to deadly force and that such force was excessive under the circumstances. On the other hand, Morrisey is alleged simply to have lied to investigators during criminal and internal investigations into an alleged sexual assault violation against another officer – not even an alleged excessive force shooting event. While Plaintiff alleges that the defendant officers contrived a story to cover up the excessive force used against Reed, the violation at issue is his right to be free from excessive force, not from alleged lies during an investigation. *Peterson*, 588 F.3d at 851 (the prior violations must point to the current, specific violation at issue). Morrisey is not alleged to have himself engaged in a use of excessive force, nor did the underlying incident about which he allegedly lied involve excessive force in a shooting event, let alone did the incident involve the execution of a warrant (or specifically a no-knock warrant) or the use of deadly force in a shooting incident related to such a warrant. Thus, this prior incident does nothing to show a custom or practice for purposes of *Monnell* liability. *See Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (11 prior instances of warrantless searches of homes insufficient to support custom or practice because some of the instances were distinguishable and there were too few to justify finding of custom or practice); *see also Baskins v. Gilmore*, No. 17 C 07566, 2018 U.S. Dist. LEXIS 168579, at *10 (N.D. Ill. 2018) ("[O]ther instance of misconduct also must be similar enough to the complained-of constitutional violations to make it plausible that that particular custom or practice had the force of law.").

Plaintiff goes on to allege that "As recently as March 2020, KPD officer Benjamin Harp was been arrested for filing a false police report." Doc. #1, ¶95.  Again, the alleged violation at issue in this case is the right to be free from excessive force. *See Piotrowski v. City of Houston,* 237 F.3d 567, 580 (5th Cir. 2001) ("[T]here must be a direct causal link between the municipal

policy and *the constitutional deprivation.*") (emphasis added); *Peterson*, 588 F.3d at 851 ("[A]ny and all 'bad' or unwise acts" do not establish a custom or practice, but rather those that "point to the specific violation in question"). There is no general federal right to be free from falsification of reports and, regardless, the Plaintiff alleges that Reed's Fourth Amendment right against unnecessary deadly force was violated, making that the violation at issue. *Peterson*, 588 F.3d at 851 (prior incidents must be sufficiently similar to point to the current alleged violation). Further, both as a matter of logic and of law, for a custom or practice to have been the moving force of the violation at issue, that custom or practice must have been in place at the time of the violation at issue. That is, it is *prior* incidents that might form a relevant custom or practice. *See McConney*, 863 F.2d at 1184 (custom or practice requires sufficiently numerous "prior incidents"); *Peterson*, 588 F.3d at 851 (prior indications of unconstitutional custom or practice must point to current specific violation). The alleged incident with Officer Harp is alleged to have occurred in March, 2020, over a year after the events regarding Reed in February, 2019, thus regardless of the nature of that incident, the allegation regarding it does not support a custom or practice in place at the time of the events involving Reed.

Because Plaintiff has alleged only one prior incident and because that prior incident is neither temporally related to or factually similar to the alleged violation of Reed's rights, Plaintiff has not alleged sufficient facts to state a plausible claim of *Monnell* liability based on custom or practice.

### 3. *Plaintiff has not alleged facts to show any deliberate indifference on the part of the City's policymakers*

Plaintiff has also failed to allege facts to show that any City policymaker was deliberately indifferent to Reed's rights. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. For an

official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis*, 406 F.3d at 381.

To plead deliberate indifference, a plaintiff must generally show that the governmental entity had actual or constructive notice of a pattern of similar constitutional violations. *Connick*, 563 U.S. at 62-63. As described above, Plaintiff has not alleged a pattern of prior incidents involving a suspect being shot and killed during the execution of a no-knock warrant as would show that the City should have anticipated a violation of Reed's rights during the execution of the no-knock warrant at issue here. Instead, Plaintiff points to only one temporally remote prior incident and vaguely alleges that it involves one officer falsifying a report to cover for another officer's alleged sexual assault, which bears no factual resemblance to the alleged violation of Reed's rights. Plaintiff points to a second incident, but that incident is not only factually dissimilar, it occurred after the execution of the search warrant at Reed's apartment, and thus could not have put the City on notice of any impending violation. Further, as described above, Plaintiff appears to concede that an unjustified use of excessive force is contrary to the City's written policies.

Moreover, Plaintiff's allegations about the two other incidents do not show that the City should have anticipated a use of excessive force during the execution of a warrant. To the contrary, Plaintiff's own allegations show that the City takes steps to address misconduct by its officers. Plaintiff alleges that Morrisey was fired after the City learned of his misrepresentations and policy violations. Doc. #1, ¶95. On the other incident, Plaintiff's pleading acknowledges that former officer Harp was arrested for his conduct. Id. Also, the allegations show that former Office Custance as a result of his initial false reports regarding the events in issue in this case not only resigned from the Killeen Police Department Doc. #1, ¶61 but was also indicted and pled

guilty to a felony Doc.#1, ¶45.  Thus, far from alleging facts to show that the City disregarded a known or obvious risk of a violation of the right against excessive force, Plaintiff's pleadings show that the City takes steps to discipline officers who engage in misconduct and to prevent violations.

### 4. *Plaintiff has not alleged facts to show Reed's rights were violated*

Municipal liability under Section 1983 requires that the municipality's policy, custom, or practice be the moving force behind a constitutional violation.  *City of Canton*, 489 U.S. at 389. For the reasons set out more fully in the individual motion to dismiss of Officers Hatfield, Baskett and Suess, which is incorporated herein pursuant to Rule 10(c) as if fully restated, Plaintiff has not alleged facts to show that any Killeen Police Department current or former officer, including but not limited to the individual Defendants named in this lawsuit, violated Reed's constitutional rights.  Thus, Plaintiff cannot maintain a *Monnell* claim against the City.

### III.   CONCLUSION

Plaintiff has failed to state a claim on which relief can be granted against the City because Plaintiff has failed to allege a basis for governmental liability against the City and has failed to allege a constitutional violation by the City's officers that caused a violation of any of Reed's civil rights.

Accordingly, Plaintiff's claims and the case as to the City should be dismissed under Rule 12(b)(6).

          Respectfully submitted,

          */s/ Roy L. Barrett*
          Roy L. Barrett
          State Bar No. 01814000

barrett@namanhowell.com
Joe Rivera
State Bar No. 24065981
jrivera@namahowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
P. O. Box 1470
Waco, Texas 76703-1470
(254) 755-4100
FAX (254) 754-6331

ATTORNEYS FOR DEFENDANT
THE CITY OF KILLEEN, TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this motion has been served on counsel for Plaintiff, Daryl K. Washington of Washington Law Firm, PC, 325 N. St. Paul St., Suite 3950, Dallas, Texas 76501 by certified mail, return receipt requested, and via the Court's ECF system, which generated notice of service on the 14th day of July 2020, on Plaintiff's counsel of record.

                                              */s/ Roy L. Barrett*
                                              Roy L. Barrett