IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DIANE REED BRIGHT, INDIVIDUALLY, and as the PERSONAL REPRESENTATIVE FOR THE ESTATE OF DECEDENT, JAMES SCOTT REED § § § § § § Plaintiff, § § v. § § THE CITY OF KILLEEN, TEXAS; § ANTHONY R. CUSTANCE; RICHARD A. § HATFIELD, JR.; FRED L. BASKETT; and § CHRISTIAN SUESS, § § § § Defendants. § | | CIVIL ACTION NO. 6:20-CV-431 |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT ANTHONY R. CUSTANCE'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Diane Reed Bright, individually and as the personal representative for the Estate of Decedent James Scott Reed, files this Sur-Reply to Defendant Anthony R. Custance's Reply (Doc. 27) in support of his Motion to Dismiss (Doc. 20), in order to address several mischaracterizations of the law raised in the Reply. Bright respectfully shows the Court as follows:

**A.   Custance relies on an incorrect reading of the law of this Circuit to claim that "without involvement in the actual injury"—i.e., the fatal gunshot wound— "Custance cannot be liable under §1983."[1]**

Custance incorrectly claims that "[r]egardless of the level of force used, if the shots fired by Custance did not cause Reed's death a necessary element of an excessive force claim against Custance is lacking as no injury inflicted by Custance would exist." (Doc. 27 at 3). Under the law of this Circuit, Custance did not need to fire the bullet that physically injured Reed to face Section

---

[1] Doc. 27 at 2–3.

1983 liability, because Bright's Section 1983 claims based on violating Reed's Fourth Amendment require no physical injury.

In rejecting prior requirements that a Section 1983 plaintiff must allege a "significant injury" to state a claim for a Fourth Amendment violation, the Fifth Circuit "held that a plaintiff need only allege 'an injury' to state a claim under the Fourth Amendment. This reduction established the elimination of a need for a physical injury because it greatly widened the scope of redressable injuries." *Flores v. City of Palacios*, 381 F.3d 391, 400 (5th Cir. 2004) (quoting *Harper v. Harris Cty.*, 21 F.3d 597, 600 (5th Cir. 1994) (overruling the Fourth Amendment significant injury requirement in light of *Hudson v. McMillan*, 503 U.S. 1, 10 (1992)). Furthermore, the *Flores* court explained, "[t]he observation that substantial psychological injuries now satisfy the injury element makes it entirely clear that *no physical injury is necessary to state a Fourth Amendment claim*." *Id.* at 400–01 (emphasis added).

Consistent with this standard, the Northern District of Texas recently reaffirmed that "[a]njury need not be physical to satisfy § 1983's injury requirement," rejecting the contention that plaintiffs failed to state an excessive force claim because they suffered only emotional and psychological injuries. *See, e.g., Edwards v. Oliver*, No. 3:17-cv-01208-M-BT, 2020 WL 4073764, at *13, *13 n.135 (N.D. Tex. Jul. 2, 2020), *report & recommend. adopted*, 2020 WL 4057540 (Jul. 20, 2020) (further noting that in *Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998), plaintiffs "asserted valid claim under § 1983 for constitutional violation for excessive force when they alleged that officer's abusive behavior and use of excessive force during initial stop of driver's vehicle and ensuing chase caused them severe emotional harm."). None of these courts required the defendant officers to inflict physical injury on the plaintiffs in order to state a valid excessive force claim.

Accordingly, Custance need not be responsible for Reed's physical injuries in order to hold

him liable for *using* excessive force, in violation of Reed's Fourth Amendment rights.

B. **Custance also wrongly cites *Lytle* and *Petta* as holding that, unless Custance's shots actually struck Reed, his use of lethal force was not a Fourth Amendment "seizure."**

Only by mischaracterizing what the Fifth Circuit has said about when a person is "seized" and by relying on cases outside this jurisdiction can Custance claim that his objectively unreasonable use of lethal force was not a "seizure." (Doc. 27 at 3). First, he claims, "*Lytle* does not support Plaintiffs' 'seizure' argument as it held that the seizure occurred when the bullet struck the occupant." (Doc. 27 at 3). Second, Custance contends that in *Petta*, "[t]he errant shot at the moving vehicle was not one of the matters indicated by the court to constitute a seizure of the children in the car." (*Id.*). And third, Custance cites two cases from different circuits as support for the proposition that "shots fired that do not hit the subject do not constitute a seizure by physical force under the Fourth Amendment." (*Id.* at 4) (citing *Rodgers ex rel Rodgers v. Smith*, 188 Fed. Appx. 175, 180-81 (4th Cir. 2006) and *Carr v. Tatangelo*, 338 F.3d 1259, 1267, 1270-71 (11th Cir. 2003)).

Custance conflates what *Petta* and *Lytle* said about seizures. In *Petta*, the officer fired at the car in order to stop the car from fleeing but missed, and the car was not stopped by the gunfire. *See Petta*, 143 F.3d at 913–14. Thus, because the instrument used to seize Petta and her children in the car did not stop the car, it did not succeed in seizing Petta or her children. *Id.* Likewise, the officer in *Lytle* attempted to stop the movement of a suspect fleeing in a vehicle by striking the driver with a bullet and, when the officer succeeded in shooting the driver, he succeeded in stopping the fleeing suspect. *See Lytle v. Bexar County, Tex.*, 560 F.3d 404, 407–08 (5th Cir. 2009). Thus, the intended instrument seized the driver. *Id.*

It is well-settled Supreme Court precedent that "[a] person is seized and thus entitled to challenge the government's action when officers, by physical force or a show of authority,

terminate or restrain the person's freedom of movement through means intentionally applied." *Brendlin v. California*, 551 U.S. 249, 249 (2007) (citing *Florida v. Bostick*, 501 U.S. 429, 434 (1991) and *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989)). And, even where "police actions do not show an unambiguous intent to restrain," for instance, "the test for telling when a seizure occurs is whether, in light of all the surrounding circumstances, a reasonable person would have believed he was not free to leave." *Id.* When it is unclear whether the police action prompted a "desire to leave," the "coercive effect of the encounter" can be measured better by asking whether "a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter." *Id.* (quoting *Bostick*, 501 U.S. at 435–436). Further, the Supreme Court has cautioned:

> In determining whether the means that terminates the freedom of movement is the very means that the government intended we cannot draw too fine a line, or we will be driven to saying that one is not seized who has been stopped by the accidental discharge of a gun with which he was meant only to be bludgeoned, or by a bullet in the heart that was meant only for the leg. We think it enough for a seizure that a person be stopped by the very instrumentality set in motion or put in place in order to achieve that result.

*Brower*, 489 U.S. at 599.

Here, however, Custance used gunfire to restrain Reed's freedom of movement, in order to effect an arrest. He successfully used the gunfire to restrain Reed, because Reed was not free to leave or otherwise terminate the encounter, as doing so would mean subjecting himself to gunfire. Thus, the effect of the force was to "seize" Reed in violation of his Fourth Amendment rights. Custance's reliance on cases from other circuits does not change this result.

And because Custance misunderstands what "injury" may "satisfy the other elements of an excessive force claim"—presuming it includes only physical injury—Custance also misunderstands Bright as claiming that Custance's "firing of shots constituted a 'seizure,'" subjecting him to excessive force liability on that basis alone. (Doc. 27 at 3). In fact, Bright alleges that when Custance used excessive deadly force against Reed, Custance seized Reed, causing him

"severe emotional distress and anguish," at a minimum, and physical injury if evidence shows that Custance's bullets actually caused Reed any physical harm. (Doc. 1 ¶¶ 112, 129). As explained above, such injuries are sufficient to satisfy the "injury" element of an excessive force claim. Thus, the concern that Bright's "seizure" claim "does not satisfy the other elements of an excessive force claim" is misplaced. (*See* Doc. 27 at 3).

C.  **Even as Custance misrepresents the "authorities in this Circuit" as holding that the "intra-corporate conspiracy" bars Bright's claims of a "conspiracy between officers of the city,"[2] the authorities he cites note an exception—one that applies here.**

Custance incorrectly presumes that Bright's argument in her Response—that the intra-corporate conspiracy doctrine does not bar claims against officers for conspiring in their individual capacities—cannot be squared with law of this Circuit. As support, Custance cites *Benningfield* as holding that "multiple officers from the same police department constituted a single entity incapable of conspiring with itself." *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998). What Custance fails to acknowledge is that Benningfield went on to recognize that an exception to the intra-corporate conspiracy doctrine may exist "where corporate employees act for their own personal purposes." *Id.* at 379.

Here, Bright alleges that Custance and the Defendant Officers in their individual capacities sought to prevent Bright from holding them liable individually for injuring and killing Reed. Bright's Complaint, therefore, alleges that Custance and the Defendant Officers have an independent stake in the conspiracy. These conspiracy claims—alleged against the officers in their individual capacities—center on what the officers did for their own personal purposes, not on behalf of the City as its employees.

The other cited cases also do not address claims against officer for actions taken in their

---

[2] Doc. 27 at 5–6.

PLAINTIFF'S SUR-REPLY TO DEFENDANT CUSTANCE'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT        PAGE 5 OF 8

individual capacity. *See Thornton v. Merchant*, 526 Fed. Appx. 385, 388 (5th Cir. 2013) (alleged conspiracy between the Texas Department of Criminal Justice and its employees); *see also Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) (conspiracy alleged between school board and the board's superintendent); *Williams v. City of Austin*, 2017 W.L. 2963513*6 (W.D. Tex. 2017) (conspiracy claims "exclusively concern[ed] the actions" of officers "committed in the scope of their duties as employees of APD," not in their individual capacities). Therefore, none of the other cases suggest the exception does not apply to Bright's claims against the officers for conspiring in their individual capacities—outside the scope of their duties as City employees—and for their own personal purposes.

## CONCLUSION & PRAYER

When the law Custance mischaracterizes in his Reply is presented accurately, Bright's allegations are sufficient to state claims against Custance for violating Reed's Fourth Amendment and for conspiring to deprive Bright of her Fourteenth Amendment rights. Accordingly, Plaintiff Diane Reed Bright, individually as the surviving mother of James Scott Reed, deceased, and as the personal representative for the Estate of Decedent James Scott Reed, respectfully re-urges her request that this Court deny Defendant Anthony R. Custance's Motion to Dismiss (Doc. 20) in its entirety. Plaintiff further respectfully seeks all other relief to which she may be entitled.

Respectfully submitted,

By: */s/ Daryl K. Washington*

**Daryl K. Washington**
State Bar No. 24013714
dwashington@dwashlawfirm.com
**WASHINGTON LAW FIRM, PC**
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
Telephone: (214) 880-4883
Facsimile: (214) 751-6685

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

On August 3, 2020, Plaintiff's counsel conferred with Defendant Custance's counsel Charlie Olson, who advised that he was opposed to Plaintiff's motion. For these reasons, Plaintiff files this Motion as opposed.

*/s/ Daryl K. Washington*
**Daryl K. Washington**

## CERTIFICATE OF SERVICE

      I hereby certify that on **August 4, 2020**, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing ("ECF") system of the Court. All counsel of record were served via electronic service through the ECF system.

| | |
|---|---|
| **Charles D. Olson** <br> colson@haleyolson.com <br> **Michael W. Dixon** <br> mdixon@haleyolson.com <br> HALEY & OLSON, P.C. <br> 100 N. Ritchie Road, Suite 200 <br> Waco, Texas 76712 <br> *Attorneys for Defendant* <br> *Anthony R. Custance* | **Roy L. Barrett** <br> barrett@namanhowell.com <br> **Joe Rivera** <br> jrivera@namanhowell.com <br> NAMAN, HOWELL, SMITH & LEE, PLLC <br> 400 Austin Avenue, Suite 800 <br> P.O. Box 1470 <br> Waco, Texas 76703-1470 <br> *Attorneys for Defendant the City of Killeen, Texas, Richard A. Hatfield, Jr., Fred L. Baskett, and Christian Suess* |

                    */s/ Daryl K. Washington*
                    **Daryl K. Washington**