IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DIANE REED BRIGHT, INDIVIDUALLY, and as the PERSONAL REPRESENTATIVE FOR THE ESTATE OF DECEDENT, JAMES SCOTT REED<br><br>*Plaintiff*,<br><br>v.<br><br>THE CITY OF KILLEEN, TEXAS; ANTHONY R. CUSTANCE; RICHARD A. HATFIELD, JR.; FRED L. BASKETT; and CHRISTIAN SUESS,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:20-CV-431 |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT CITY OF KILLEEN'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Diane Reed Bright, individually and as the personal representative for the Estate of Decedent James Scott Reed, files this Sur-Reply to Defendant the City of Killeen's Reply (Doc. 32-2) in support of its Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) (Doc. 21), in order to address several mischaracterizations of the law and facts raised in the Reply. Bright respectfully shows the Court as follows:

**A.   The City incorrectly interprets the law and facts supporting Bright's claims based on the City's training policies.**

Bright identified training failures more specifically than City is capable of doing. Generally replying that it "absolutely has policies relevant to the use of force and execution of warrants" and some general training "on those issues" does not address the training failure Bright specifically alleges. Rather than state what training it provides to address Bright's concerns, or why that training is sufficient, the City strains to fault Bright's more specific allegations as still not specific

enough. Despite admitting that "the content of City policy or the exact details of training might be uniquely within the City's knowledge," the City would hold Bright to an impossible—and impermissible standard. *See Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995) (a plaintiff is not required to plead facts "peculiarly within the knowledge of defendants."). In doing so, the City avoids addressing the specific—and necessary—training Bright alleges the City failed to provide its officers, while attempting to rely on its own generalized arguments. This Court should not dismiss Bright's valid claims based on the City's evasive maneuvers.

The City effectively contends that, unless the City itself attributed certain violations to the Officers, it could not have ratified their conduct. If this were the standard, it would encourage cities not to find that its officers violated any standard, so that if that city then elected not to discipline those officers, it could not later be accused of approving of misconduct. Surely that cannot be what the Supreme Court intended. Rather, Bright alleges that the City elected not to discipline the Officers here and approves of the basis for the Officers' misconduct—an approval evident from the City's contention in its Response that the "[O]fficers did nothing for which they should have been disciplined." (Doc. 31-2 at 2). Such post hoc ratification of the Officers' conduct subjects the City to liability. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (plurality opinion) ("When a municipality approves a subordinate's conduct and the basis for it, liability for that conduct is chargeable against the municipality because it has retained the authority to measure the official's conduct for conformance with their policies.").

Moreover, despite what the City claims, its decision to ask for a Ranger investigation based on Custance's conduct does not mean that the other Officers' conduct was proper. (*Cf.* Doc. 32-1 at 2–3). Given that the grand jury was only confronted with charges against Custance, the fact that he has faced consequences for his misconduct—when the grand jury was not presented with

charges against the other Officers at all—does not mean the other officers did not also engage in misconduct. It is equally possible that the City chose to charge only one of the officers involved, protecting the other Officers from liability, as well as protecting the City from liability for the policies the officers followed.

The City's incorrect interpretation of the law and facts supporting Bright's claims based on the City's official policies further provides no basis for dismissing Bright's claims.

**B.      The City incorrectly interprets the law and facts supporting Bright's claims based on the City's policies on excessive force.**

First, the City misunderstands Bright as arguing that "in the alternative" to the alleged training failures, "if she has not alleged a policy, her allegations of a 'persistent, widespread' practice of officers following a 'shoot first ask question later' policy is sufficient to support liability against the City." (Doc. 31-2 at 8). This theory of liability is not in the alternative to the City's training failures. Rather, both the City's policy of inadequately training its officers in the manners specified and the City's de facto policy to "shoot first ask question later" are independent—not alternative—bases subjecting the City to municipal liability for the injuries Reed suffered as a result of both failures.

Second, unable to disagree that in *Brown v. City of Hous*ton, it was sufficient at the pleading stage to allege that the District Attorney's office do whatever it takes" conviction culture was a policy subjecting the county to municipal liability, the City attempts to distinguish *Brown* by misrepresenting what the case says. (Doc. 31-2 at 9). The City notes that in *Brown*, it was noteworthy that the county had acknowledged <u>what</u> the plaintiff alleged: "a do whatever it takes culture" regarding obtaining convictions. (*Id.*) (citing *Brown v. City of Hous.*, 297 F. Supp. 2d 748, 767 (S.D. Tex. 2017)). Here, the City also does not deny that Bright alleges the same type of culture charging the City with a custom to "shoot first, ask questions later." Instead, the City simply

sidesteps that acknowledgement and denies that such a culture exists. Thus, the City's attempt at distinguishing *Brown* is misguided, and the custom Bright alleges subjects the City to liability.

Next, the City improperly claims that "the pleadings reflect that when there is a shooting incident, the City has the Texas Rangers perform an independent investigation and when wrongdoing by an officer is discovered, appropriate action is taken." (Doc. 31-2 at 9). In fact, while Bright's Complaint acknowledges that there was an investigation, it does not suggest that Killeen has the practice of doing so whenever a shooting incident happens. Furthermore, just because the City singled out Custance to charge does not mean the other officers committed no wrongdoing.

Therefore, the facts and law to which the City points do nothing to negate Bright's claim that the City has a de facto policy of using unreasonable and unjustifiable force on suspects like Reed, without regard to the constitutional limits on excessive force. (Doc. 26 at 10–12).

**C.     Dismissing a non-existent conspiracy claim against the City is unwarranted.**

Finally, as Bright clarified in her Response (Doc.26 at 9 n.11), she has not brought any conspiracy claim against the City. Thus, despite what the City contends, dismissal is improper.

## CONCLUSION & PRAYER

When the law the City mischaracterizes in its Reply is presented accurately, Bright's allegations are sufficient to state claims against the City for the official policies that resulted in the Defendant Officers violating Reed's Fourth Amendment. Accordingly, Plaintiff Diane Reed Bright, individually as the surviving mother of James Scott Reed, deceased, and as the personal representative for the Estate of Decedent James Scott Reed, respectfully re-urges her request that this Court deny Defendant the City of Killeen's Motion to Dismiss (Doc. 21) in its entirety. Plaintiff further respectfully seeks all other relief to which she may be entitled.

Respectfully submitted,

By: */s/ Daryl K. Washington*

**Daryl K. Washington**
State Bar No. 24013714
dwashington@dwashlawfirm.com
**WASHINGTON LAW FIRM, PC**
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
Telephone: (214) 880-4883
Facsimile: (214) 751-6685

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on **August 13, 2020**, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing ("ECF") system of the Court. All counsel of record were served via electronic service through the ECF system.

| | |
|---|---|
| **Charles D. Olson** | **Roy L. Barrett** |
| colson@haleyolson.com | barrett@namanhowell.com |
| **Michael W. Dixon** | **Joe Rivera** |
| mdixon@haleyolson.com | jrivera@namanhowell.com |
| HALEY & OLSON, P.C. | NAMAN, HOWELL, SMITH & LEE, PLLC |
| 100 N. Ritchie Road, Suite 200 | 400 Austin Avenue, Suite 800 |
| Waco, Texas 76712 | P.O. Box 1470 |
| *Attorneys for Defendant* | Waco, Texas 76703-1470 |
| *Anthony R. Custance* | *Attorneys for Defendant the City of Killeen, Texas, Richard A. Hatfield, Jr., Fred L. Baskett, and Christian Suess* |

*/s/ Daryl K. Washington*
**Daryl K. Washington**