**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DIANE REED BRIGHT, INDIVIDUALLY,** | § | |
| **AND AS PERSONAL REPRESENTATIVE** | § | |
| **FOR AND AS AN HEIR OF THE ESTATE** | § | |
| **OF DECEDENT, JAMES SCOTT REED, AND** | § | |
| **MARCUS REED, LARRY REED AND** | § | |
| **JUMEKA REED, INDIVIDUALLY AND AS** | § | |
| **HEIRS OF THE ESTATE OF JAMES** | § | |
| **SCOTT REED,** | § | |
| | § | |
| *Plaintiffs*, | § | **CIVIL ACTION NO. 6:20-cv-00431-ADA** |
| | § | |
| **V.** | § | |
| | § | |
| **THE CITY OF KILLEEN, TEXAS,** | § | |
| **ANTHONY R. CUSTANCE, RICHARD A.** | § | |
| **HATFIELD, JR. AND FRED L. BASKETT,** | § | |
| | § | |
| *Defendants*. | § | |

## AGREED FINAL JUDGMENT

ON THIS DAY, after due and proper notice, came on to be heard the above entitled and numbered cause, and came the Plaintiff, Diane Reed Bright, Individually, and as the Personal Representative for and as an Heir of the Estate of Decedent, James Scott Reed, and Intervenor Plaintiffs, Larry Reed and Jumeka Reed, Individually and as Heirs of the Estate of James Scott Reed, Deceased and also said parties for and on behalf of Marcus Reed, Deceased, who is also an Intervenor Plaintiff, (hereinafter collectively referred to as "Plaintiffs") by and through their attorneys of record and came Defendants, the City of Killeen, Killeen Police Department, Anthony R. Custance, Richard A. Hatfield, Jr. and Fred L. Baskett, in their individual and official capacities, (hereinafter collectively referred to as "Defendants"), by and through their respective attorneys of record, and all parties announced ready for trial and agreed to waive a jury and to submit all matters

of law as well as of fact to the Court for consideration. The Court, having previously been advised by the parties that all matters and things in controversy between them have been settled and compromised as reflected by the Release of All Claims, Settlement and Indemnity Agreement attached hereto as Exhibit A and incorporated herein (hereinafter "the Agreement"), and that all parties have agreed to the rendition of this Agreed Final Judgment, and the Court having reviewed the Agreement and thus having been fully apprised regarding the terms and conditions of the settlement between the parties, makes the following findings of fact and determinations:

(a)     that all parties necessary and proper to the settlement of the claims and causes of action asserted herein are before the Court and that the Agreement is fair and reasonable, is in the best interest of all parties, and that it has been duly entered into and agreed upon by Plaintiffs as reflected by their signatures thereon and agreed to by Defendants as evidenced by the approval of their respective counsel of this Agreed Final Judgment, and that it should be in all things approved and judgment rendered herein based upon the Agreement,

(b)     that based upon the representations and warranties made by Plaintiffs in the Agreement, and relied upon by Defendants in making the settlement set forth in the Agreement, the Court finds that Diane Reed Bright is the sole and only beneficiary under the Wrongful Death Statutes of the State of Texas entitled to assert a claim for the wrongful death, and to recover any damages for the alleged wrongful death, of James Scott Reed, and that the settlement set forth in the Agreement is a settlement entered in to by Plaintiffs for and on behalf of all parties who might be entitled to assert a claim for the wrongful death of James Scott Reed, whether or not they are actual parties in this lawsuit,

(c)    that based on the representation and warranties of Plaintiffs set forth in the Agreement and relied upon by Defendants in making the settlement set forth in the Agreement, the Court find that Diane Reed Bright, Marcus Reed, Larry Reed and Jumeka Reed are the sole and only heirs of the Estate of James Scott Reed and that James Scott Reed died in the City of Killeen, Bell County, Texas on February 27, 2019 and that he was intestate at the time of his death having left no last will and testament and that Plaintiffs are making the settlement set forth in the Agreement not only as the sole heirs of James Scott Reed but also for and on behalf of the Estate of James Scott Reed, Deceased and for and on behalf of all persons having an interest in said Estate and for and on behalf of all persons who might now or in the future claim to be an heir of James Scott Reed, whether or not they are parties to this lawsuit,

(d)    that no administration or other court action has been taken regarding the Estate of James Scott Reed and that none is necessary,

(e)    that by the Agreement all Plaintiffs have released any and all claims they have against Defendants, and the other Releasees as defined therein, as a result of the death of James Scott Reed and the events alleged in the above entitled and numbered cause,

(f)    that the Defendants have expressly denied all liability for the occurrence, events and damages alleged by Plaintiffs herein, that the liability of the Defendants and the other Releasees as defined in the Agreement is doubtful and may be incapable of being satisfactorily established and that this Agreed Final Judgment does not constitute any finding of fault or liability of Defendants,

(g)     that the Agreement and the settlement by and between the parties, is fair, just, reasonable and equitable and that it should be approved by the Court and made a part of this Agreed Final Judgment of the Court, and

(h)     that Plaintiffs Diane Reed Bright, Larry Reed and Jumeka Reed have advised the Court and the Court finds that Marcus Reed recently died after he signed the Release of All Claims, Settlement and Indemnity Agreement attached to this Agreed Final Judgment by which he joined in the settlement set forth therein and agreed to a division of the settlement proceeds to be paid herein. The Court finds that Diane Reed Bright, Larry Reed and Jumeka Reed have asked the Court to render this Agreed Final Judgment and that they have agreed that they will be responsible for implementing the division of the settlement funds between all Plaintiffs as they agreed to do prior to the death of Marcus Reed, and the Court finds that this Agreed Final Judgment is binding on Marcus Reed and his estate.

It is, therefore ORDERED, ADJUDGED AND DECREED that the Release of All Claims, Settlement and Indemnity Agreement between the parties, attached hereto as Exhibit A, is hereby in all things approved and that all claims and causes of action of all Plaintiffs against all Defendants, and against the other Releasees as defined in the Agreement, are hereby in all things DISMISSED WITH PREJUDICE.

It is, further, ORDERED, ADJUDGED AND DECREED that the representations and warranties made by Plaintiffs in the Agreement are an integral part of the consideration inducing Defendants to enter into the Agreement, that they have been relied on by Defendants in entering into the Agreement, and that said representations and warranties constitute obligations of Plaintiffs to Defendants, and to the other Releasees as defined in the Agreement, and

It is also ORDERED, ADJUDGED AND DECREED that the agreements and obligations set forth in the Agreement by Plaintiffs to indemnify and hold harmless Defendants, and the other Releasees as defined in the Agreement, are fair and reasonable and should be approved by the Court and that Plaintiffs are required to comply with said indemnity and hold harmless agreements.

It is, further, ORDERED, ADJUDGED AND DECREED that all costs of court incurred herein are taxed against the party incurring same.

It is, further, ORDERED, ADJUDGED AND DECREED that any relief sought by any party in this cause that is not granted by this Agreed Final Judgment is hereby in all things DENIED and that this an appealable order and judgment in this case.

Signed this 22nd day of January, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**APPROVED:**

/s/ Charles D. Olson
Charles D. Olson
State Bar No. 15273200
colson@haleyolson.com
Michael W. Dixon
State Bar No. 05912100
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
Telephone: (254) 776-3336
Fax: (254) 776-6823

**ATTORNEYS FOR DEFENDANT
ANTHONEY R. CUSTANCE**

**APPROVED:**

*/s/ Roy L. Barrett*
Roy L. Barrett
State Bar No. 01814000
Email: barrett@namanhowell.com
Joe Rivera
State Bar No. 24065981
Email: jrivera@namanhowell.com
**NAMAN, HOWELL, SMITH & LEE, PLLC**
400 Austin Avenue, Suite 800
Waco, Texas 76701
Telephone: (254) 755-4100
Fax: (254) 754-6331

**ATTORNEYS FOR DEFENDANTS
THE CITY OF KILLEEN, TEXAS,
RICHARD A. HATFIELD, JR. AND
FRED L. BASKETT**

**APPROVED:**

*/s/Daryl K. Washington*
Daryl K. Washington
State Bar No. 24013714
dwashington@dwashlawfirm.com
**WASHINGTON LAW FIRM, PC**
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
Telephone: (214) 880-4883
Facsimile: (214) 751-6685

/s/ SHERYL R. WOOD
Sheryl R. Wood
THE WOOD LAW FIRM, PLLC
1629 K St., NW, Suite
300Washington, DC  20006
(202) 466-0986
(888) 825-3796-fax
Email: sw@thewoodlawfirm.com
(Admitted Pro Hac Vice)

**ATTORNEYS FOR PLAINTIFFS DIANE REED BRIGHT,
INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF JAMES SCOTT REED AND FOR
INTERVENOR PLAINTIFFS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DIANE REED BRIGHT, INDIVIDUALLY,** | § | |
| **AND AS PERSONAL REPRESENTATIVE** | § | |
| **FOR AND AS AN HEIR OF THE ESTATE** | § | |
| **OF DECEDENT, JAMES SCOTT REED, AND** | § | |
| **MARCUS REED, LARRY REED AND** | § | |
| **JUMEKA REED, INDIVIDUALLY AND AS** | § | |
| **HEIRS OF THE ESTATE OF JAMES** | § | |
| **SCOTT REED,** | § | |
| | § | |
| *Plaintiffs*, | § | **CIVIL ACTION NO. 6:20-cv-00431-ADA** |
| | § | |
| **V.** | § | |
| | § | |
| **THE CITY OF KILLEEN, TEXAS,** | § | |
| **ANTHONY R. CUSTANCE, RICHARD A.** | § | |
| **HATFIELD, JR. AND FRED L. BASKETT,** | § | |
| | § | |
| *Defendants*. | § | |

## RELEASE OF ALL CLAIMS, SETTLMENT AND INDEMNITY AGREEMENT

FOR AND IN CONSIDERATION of the total sum of THREE HUNDRED THIRTY-EIGHT THOUSAND AND NO/100 DOLLARS ($338,000.00) cash in hand paid by the Texas Municipal League Intergovernmental Risk Pool, the receipt of which is hereby acknowledged, Diane Reed Bright, Individually, and as the Personal Representative for and an Heir of the Estate of Decedent, James Scott Reed, and Marcus Reed, Larry Reed and Jumeka Reed, Individually and as Heirs of the Estate of James Scott Reed, Deceased (hereinafter referred to as "Claimants"), do hereby release and discharge the City of Killeen, Texas, the Killeen Police Department, Anthony R. Custance, Richard A. Hatfield, Jr., Fred L. Baskett, Christian Suess, former City of Killeen Chief of Police Charles L. Kimble and the Texas Municipal League Intergovernmental Risk Pool, individually and in all capacities, and all their heirs, representatives, assigns, employees, councilmembers, mayors, elected officials, agents, servants and employees including but not

*Release of All Claims, Settlement and Indemnity Agreement*

**EXHIBIT A**

limited to Steven Eaton, David Daniels, III, Devin Hill, Jason Petty, Alejandro Sune, Odis Denton, Byron Goodsby, Roderick Mack, Xavier Clark, Richard Eric Bradley, James Chism, Michael Glen Eveans, Pamela Asmus, Timothy Manges, Drew Martin, Holly Blenden, Ramiro Martinez, Steven Kirk, Stephen Kennedy, Ronald Jackson, Michael Swan, Eric Morsbach, Joseph Delongchamps, Betty Adams, Brant Allman, Jennifer Amezquita, Dan Brown, Rafael Cristin, Keith Drozd, Givonchie Emeana, Troy L. Fulgham, Christopher Heeter,  Jeremy Hempel, Cristina O'Campo, Alan Smith, Jacorby Smith, Michael Sousounis, Eric Stock, James Gowers, Carl Trussell, Matilda Uvalle, Tremaine Jenkins, Rodney Wilmore, Richard Tramp, Joshua Plowick and Adam Wilt (hereinafter referred to as "Releasees"), of and from any and all liability, claims, demands and causes of action alleged, or that were previously alleged, or that could have been alleged, in Civil Action No. 6:20-CV-00431-ADA in the United States District Court for the Western District of Texas, Waco Division, whether alleged in Plaintiff's Original Complaint or in Plaintiff's First Amended Complaint therein and in the Pleas in Intervention filed therein by Marcus Reed, Larry Reed and Jumeka Reed (hereinafter "the Lawsuit"), and also of and from any and all liability, claims, demands, causes of action or suits, whether now known or unknown, by reason of any act, omission, conduct, event or transaction involving Claimants and Releasees occurring at any time prior to the date hereof, including but not limited to all liability, claims, demands, causes of action or suits, whether now known or unknown, in connection with or related in any way to the service of a no knock or no announce warrant on a duplex located at 215 West Hallmark Avenue, Apartment A, City of Killeen, Bell County, Texas, on or about February 27, 2019 and the shooting of and death of James Scott Reed during the service of said warrant, whether based on the alleged use of excessive or unnecessary force or on an alleged unlawful search and seizure, in violation of the Fourth and Fourteenth Amendments to the United State Constitution, on the alleged failure by the City of Killeen and the Killeen Police Department to have adequate and constitutionally

*Release of All Claims, Settlement and Indemnity Agreement*
**EXHIBIT A**

4856-1761-9072, v. 1

appropriate policies, on the alleged custom or practice of the use of excessive or unnecessary force or illegal searches and seizures, on the alleged failure of the City of Killeen to train and adequately supervise or discipline its police officers, on an alleged conspiracy to deprive Plaintiffs and James Scott Reed of their constitutional rights allegedly in violation of 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983, or on any other alleged theory or claim or cause of action, all of which allegedly caused the death of James Scott Reed and allegedly caused James Scott Reed to sustain conscious pain and suffering and mental anguish prior to his death and allegedly caused Claimants to incur funeral and burial expenses for James Scott Reed, to have lost inheritance and other damages which causes of action survive to the Estate of James Scott Reed and to Claimants as heirs of James Scott Reed and which allegedly caused Diane Reed Bright to sustain emotional pain and mental anguish as well the loss of companionship and society with James Scott Reed which claims she is entitled to assert as a wrongful death beneficiary of James Scott Reed under the statutes and laws of the State of Texas, and which has allegedly caused Claimants to incur attorneys' fees and expenses of litigation in the Lawsuit, as well as consequential and other damages, and which allegedly entitle Claimants to recover exemplary or punitive damages, all of which claims and causes of action are hereby released.

The claims and causes of action hereby released include, but are not limited to, any and all claims and causes of action for any kind or type of damages of Claimants against Releasees under any and all federal and state statutes, rules or ordinances including, but not limited to, any and all claims and causes of action for false arrest, illegal search and seizure, excessive or unnecessary force, assault and battery, intentional torts, negligence, breach of contract, violations of the rights of James Scott Reed and of Claimants under the Fourth Amendment and the Fourteenth Amendment of the United States Constitution, or under any other provisions of the United States Constitution, and all provisions of the Constitution of the State of Texas and under 42 U.S.C.A.

*Release of All Claims, Settlement and Indemnity Agreement*
**EXHIBIT A**

1983 and 42 U.S.C.A. 1985 and any claims under any other statutes, whether for actual damages or exemplary damages or otherwise, related to or in any way arising from the events above described and those alleged in the Lawsuit or any other actions, omissions or conduct of Releasees occurring at any time prior to the date hereof.

In connection with, and for and in consideration of the payment to Claimants above referenced, Claimants hereby represent and warrant all of the following facts and matters, and Claimants hereby acknowledge, understand and agree that Releasees are relying on these representations and warranties by Claimants as part of the consideration and reason for the payment made to Claimants set forth above:

1.     Claimants represent and warrant that they have consulted with their own attorneys regarding this Release of All Claims, Settlement and Indemnity Agreement (hereinafter either "this Agreement" or "the Agreement") and that they have been fully informed and have full knowledge of the terms, conditions and effects of the Agreement.

2.     Claimants represent and warrant that they have, either personally or through their attorneys and representatives, fully investigated to their satisfaction all facts surrounding the occurrence and the events in question and their respective claims, and the controversies and disputes and that they are fully satisfied with the terms and effects of the Agreement.

3.     Claimants represent and warrant that no promise or inducement has been offered or made to them by Releasees, or any of them, or their agents or attorneys, except those expressly set forth in the Agreement and that the Agreement is executed without reliance upon any statements or representations by the Releasees, or any of them, or their agents or attorneys.

*Release of All Claims, Settlement and Indemnity Agreement*
**EXHIBIT A**

4.    Claimants represent and warrant that James Scott Reed was born on April 1, 1978, and that he died in the City of Killeen in Bell County, Texas on February 27, 2019.

5.    Claimants represent and warrant that James Scott Reed died intestate, having left no last will and testament.

6.    Claimants represent and warrant that James Scott Reed was not married, either by ceremony or by common law, at the time of his death and thus he is not survived by a spouse or wife.

7.    Claimants represent and warrant that the only child ever born to or adopted by James Scott Reed during his lifetime was Malcolm De'Shawn Moore who was born on December 16, 1992 and who died at four years of age in Hillsborough, Florida on December 2, 1997 and whose mother was Kathleen M. Moore Veil to whom James Scott Reed was never married and who died on October 10, 1997 in Hillsborough, Florida.

8.    Claimants represent and warrant that at the time of his death James Scott Reed was not survived by any child, either natural or adopted.

9.    Claimants represent and warrant that the father of James Scott Reed was never a part of his life, is not listed on the birth certificate of James Scott Reed, and that the father of James Scott Reed died approximately thirty years before the death of James Scott Reed when James Scott Reed was nine or ten years of age.

10.   Claimants represent and warrant that Diane Reed Bright is the sole and only beneficiary under the Wrongful Death Statutes of the State of Texas entitled to assert a claim for wrongful death and to recover any damages for the alleged wrongful death of James Scott Reed, but they also represent and warrant that the release and settlement set forth in the Agreement is entered into by them for and on

behalf of all persons who might now or in the future assert a claim for such wrongful death, whether or not they are parties to the Agreement.

11.    Claimants represent and warrant that there has been no administration or other court action taken regarding the Estate of James Scott Reed and that none is necessary.

12.    Claimants represent and warrant that they are the sole and only heirs at law of James Scott Reed or his Estate and that the release and settlement set forth in the Agreement is entered into by them not only as the sole and only heirs at law of James Scott Reed but also for and on behalf of the Estate of James Scott Reed, deceased, and for and on behalf of all persons having an interest in said Estate and for and on behalf of all persons who might now or in the future claim to be an heir of James Scott Reed, whether or not they are parties to the Agreement.

13.    Claimants represent and warrant that all costs and bills for the funeral and burial of James Scott Reed were paid by Diane Reed Bright and that there are no other unpaid debts of or claims against the Estate of James Scott Reed.

14.    Diane Reed Bright hereby represents and warrants that she has not, prior to the date of this Agreement, received nor has there been paid on her behalf any Medicaid benefits, Medicare benefits, Veterans Administration benefits, CHAMPVA, or other governmental program benefits, or any Social Security Disability benefits as a result of, or related to, the death of James Scott Reed or related to or arising from the events and causes of action above described and those alleged in the Lawsuit. Claimant represents and warrants that neither Medicaid, Medicare, the Veterans Administration, CHAMPVA, nor any other governmental program has made any conditional payments on behalf of Claimant as a result of or related to or arising from the events and causes of action above described and those alleged in the

*Release of All Claims, Settlement and Indemnity Agreement*
**EXHIBIT A**

4856-1761-9072, v. 1

Lawsuit. Further, Claimant represents and warrants that she has no claim for Social Security Disability or Railroad Disability benefits, nor will she file for or appeal the award of any of these benefits arising from the events and causes of action above described and those alleged in the Lawsuit. Claimant also hereby represents and warrants that she has not in the past, and that she will not following the date of this Agreement, apply for any Medicaid benefits, Medicare benefits, Veterans Administration benefits, CHAMPVA benefits, any Social Security Disability benefits, or any other governmental program benefits, as a results of, or related to, or in any way arising from the events and causes of action above described and those alleged in the Lawsuit. Claimant also agrees, represents, and warrants that she will not allow any of her healthcare providers to file any claim for any amount with Medicare, Medicaid, the Veterans Administration, CHAMPVA, or any other governmental program for any medical care or treatment or prescription drugs received by Claimant in the past or in the future as a result of, or related to, or in any way arising from the events and causes of action above described and those alleged in the Lawsuit.

15.    Marcus Reed, Larry Reed and Jumeka Reed represent and warrant that they have not received any healthcare or treatment as a result of the death of James Scott Reed or as a result of or related to the events above described and those alleged in the Lawsuit and that neither Medicare, Medicaid, the Veterans Administration, CHAMPVA, nor any other government program, nor any insurer or other medical provider has made any payments to any doctor, hospital, mental health facility or other healthcare provider for any care or treatment provided to any of them, as a result of the death of James Scott Reed or related to or arising from the events and

*Release of All Claims, Settlement and Indemnity Agreement*
**EXHIBIT A**

4856-1761-9072, v. 1

causes of action above described and those alleged in the Lawsuit. Said Claimants represent and warrant that neither Medicaid, Medicare, the Veterans Administration, CHAMPVA, nor any other governmental program has made any conditional payments on behalf of said Claimants as a result of or related to or arising from the events and causes of action above described and those alleged in the Lawsuit. Further, said Claimants represent and warrant that they have no claim for Social Security Disability or Railroad Disability benefits, nor will they file for or appeal the award of any of these benefits arising from the events and causes of action above described and those alleged in the Lawsuit. Said Claimants also hereby represent and warrant that they have not in the past, and that they will not following the date of this Agreement, apply for any Medicaid benefits, Medicare benefits, Veterans Administration benefits, CHAMPVA benefits, any Social Security Disability benefits, or any other governmental program benefits, as a results of, or related to, or in any way arising from the events and causes of action above described and those alleged in the Lawsuit. Said Claimants also agree, represent, and warrant that they will not allow any of their healthcare providers to file any claim for any amount with Medicare, Medicaid, the Veterans Administration, CHAMPVA, or any other governmental program for any medical care or treatment or prescription drugs received by said Claimants in the past or in the future as a result of, or related to, or in any way arising from the events and causes of action above described and those alleged in the Lawsuit.

16.    Claimants represent and warrant that Claimants hereby fully waive and relinquish any right to pursue any claim, lawsuit, or administrative remedy against the Released Parties, including but not limited to the City of Killeen, Texas, and the

Texas Municipal League Intergovernmental Risk Pool, and their attorneys, for anything involving Medicare, Medicaid, the Veterans Administration, CHAMPVA, or any other governmental program. For the same consideration, Claimants hereby agree that any reimbursement claimed to be owed to Medicare, Medicaid, the Veteran's Administration, CHAMPVA or any other governmental program shall be resolved by Claimants, and that the settlement amount paid to Claimants set forth herein is the only amount Claimants will receive that will be paid by or on behalf of the Released Parties for the settlement set forth therein.

17. Claimants represent and warrant that no hospital, physician or other medical expenses were incurred for treatment of James Scott Reed as a result of the events above described and those alleged in the Lawsuit, or in connection with his last illness and death.

For the consideration recited above, Claimants understand and agree that this release includes and that Claimants hereby compromise, settle, and release all liability, claims, demands or suits, whether now known or unknown, against Releasees, whether said claims belong to the Estate of James Scott Reed, deceased, or accrue to Claimants as heirs of James Scott Reed, deceased, or belong to Claimants individually for the alleged wrongful death of James Scott Reed.

Claimants further represent and warrant that they have agreed among themselves upon a division of the $338,000.00 proceeds paid pursuant to the Agreement, and that they have agreed upon the amount of attorneys' fees and litigation expenses owned by each of them to their attorneys, Daryl K. Washington and Sheryl R. Wood, which attorneys' fees and litigation expenses are to be paid by Claimants out of the $338,000.00 settlement proceeds paid in accordance with the Agreement. It is thus agreed by all Claimants that the proceeds payable under this Agreement should be made on behalf of Releasees by one check or draft in the amount of $338,000.00 drawn

9

**EXHIBIT A**

on the Texas Municipal League Intergovernmental Risk Pool and made payable to Law Offices of Daryl K. Washington IOLTA Account, and that said payment shall constitute full payment of all consideration due to all claimants individually and to the Estate of James Scott Reed and to both their attorneys, Daryl K. Washington and Sheryl R. Wood as provided for herein. CLAIMANTS FURTHER AGREE TO INDEMNIFY AND HOLD HARMLESS THE RELEASEES, AND EACH OF THEM, OF AND FROM ANY DISPUTES, CLAIMS OR CAUSES OF ACTION RELATED TO THE DIVISION OF THE SETTLEMENT PROCEEDS AMONG CLAIMANTS OR RELATED TO ANY ATTORNEYS' FEES OR LITIGATION EXPENSES OWED BY CLAIMANTS, OR ANY OF THEM, TO BOTH THEIR ATTORNEYS.

CLAIMANTS, AND EACH OF THEM, FURTHER AGREE TO INDEMNIFY AND HOLD HARMLESS RELEASEES, AND EACH OF THEM, OF AND FROM ANY AND ALL CLAIMS, DEMANDS OR CAUSES OF ACTION BY ANYONE ELSE CLAIMING TO BE A SURVIVING SPOUSE, A CHILD, A PARENT OR ANOTHER HEIR OF JAMES SCOTT REED.

FOR THE SAME CONSIDERATION, AND NOT BY WAY OF LIMITATION OF THE GENERAL NATURE OF THE RELEASE CONTAINED HEREIN, CLAIMANTS DO HEREBY INDEMNIFY AND AGREE TO SAVE AND HOLD FOREVER HARMLESS EACH AND EVERY ONE OF THOSE PERSONS AND ENTITIES HEREBY RELEASED, OF AND FROM ANY FURTHER OBLIGATION OR LIABILITY WHATSOEVER, DIRECTLY OR INDIRECTLY, RESULTING FROM THE DEATH OF JAMES SCOTT REED AND FROM THE EVENTS AND OCCURRENCES ABOVE DESCRIBED AND THOSE ALLEGED IN THE LAWSUIT, AND OF AND FROM ALL CLAIMS FOR DAMAGES AND INJURIES TO CLAIMANTS OR TO JAMES SCOTT REED, AND ALL DAMAGES AND CLAIMS RESULTING FROM THE DEATH OF JAMES SCOTT REED, INCLUDING BUT NOT

*Release of All Claims, Settlement and Indemnity Agreement*
**EXHIBIT A**

4856-1761-9072, v. 1

LIMITED TO, PAYMENTS FOR DAMAGES TO OTHER PERSONS OR ENTITIES FOR CONTRIBUTION OR INDEMNITY, COURT COSTS, ATTORNEYS' FEES, OR OTHER EXPENSES OF LITIGATION, WHICH CLAIMANTS HAVE BEEN MADE OR MAY AT ANY TIME IN THE FUTURE BE MADE AGAINST EACH AND EVERY ONE OF THE RELEASEES BY ANYONE OR ANY ENTITY, WHETHER CAUSED BY THE NEGLIGENCE FAULT, OR OTHER CONDUCT OF RELEASEES OR OTHERWISE.

IT IS UNDERSTOOD AND AGREED THAT RELEASEES DO NOT ASSUME LIABILITY FOR DOCTOR BILLS OR OTHER MEDICAL BILLS OR EXPENSES INCURRED BY OR ON BEHALF OF CLAIMANTS OR BY OR ON BEHALF OF JAMES SCOTT REED AND CLAIMANTS HEREBY AGREE, REPRESENT AND WARRANT THAT THEY WILL REMAIN RESPONSIBLE FOR ALL SUCH VALID DOCTOR AND OTHER MEDICAL BILLS, LIENS OR EXPENSES OUTSTANDING, OR THOSE TO BE INCURRED, GROWING OUT OF OR IN ANY WAY CONNECTED WITH THE HEALTHCARE PROVIDED TO ANY OF THEM OR TO JAMES SCOTT REED RELATED TO OR IN WAY AS A RESULT OF THE MATTERS IN CONTROVERSY ABOVE DESCRIBED AND THOSE ALLEGED IN THE LAWSUIT. FURTHER, CLAIMANTS AGREE TO INDEMNIFY AND HOLD HARMLESS RELEASEES, AND EACH OF THEM, OF AND FROM THE PAYMENT OF SUCH BILLS, LIENS OR EXPENSES, PAST, PRESENT AND FUTURE.  FURTHER, CLAIMANTS WARRANT AND REPRESENT THAT TO THEIR KNOWLEDGE THERE ARE NO VALID OUTSTANDING UNPAID MEDICAL SUBROGATION OR ASSIGNMENT CLAIMS, STATUTORY CLAIMS OR LIENS, OR RIGHTS BY WAY OF ASSIGNMENT OR BY DIRECT ACTION, OWNED OR HELD BY INSURANCE COMPANIES OR GOVERNMENTAL ENTITIES, OR OTHERS RESULTING FROM THE HEALTHCARE PROVIDED TO JAMES SCOTT REED, OR ANY HEALTHCARE PROVIDED TO

CLAIMANTS INDIVIDUALLY AS A RESULT OF THE ALLEGED EVENTS ABOVE DESCRIBED OR ALLEGED IN THE LAWSUIT, OR RESULTING FROM ANY PAYMENTS FOR DISABILITY, DEATH OR INCAPACITY OF JAMES SCOTT REED AND/OR OF CLAIMANTS, OR ANY OF THEM, BUT CLAIMANTS WARRANT AND REPRESENT THAT SHOULD ANY SUCH LIENS OR CLAIMS BE ASSERTED THAT SUCH LIENS AND CLAIMS WILL BE FULLY SATISFIED BY CLAIMANTS OUT OF THE PROCEEDS OF THIS SETTLEMENT.  CLAIMANTS AGREE TO INDEMNIFY AND HOLD HARMLESS RELEASEES, AND EACH OF THEM, OF AND FROM THE PAYMENT OF ANY SUCH MEDICAL LIENS OR OTHER SUBROGATION OR ASSIGNMENT CLAIMS, STATUTORY CLAIMS OR LIENS, AND RIGHTS BY WAY OF ASSIGNMENT OR BY DIRECT ACTION OWNED OR HELD BY INSURANCE COMPANIES, GOVERNMENTAL ENTITIES, HEALTH CARE PROVIDERS OR OTHERS.

FOR AND IN CONSIDERATION OF THE PAYMENT PROVIDED FOR HEREIN, CLAIMANTS FURTHER AGREE TO INDEMNIFY AND HOLD HARMLESS THE RELEASEES, AND EACH OF THEM, OF AND FROM ANY AND ALL LIABILITY, CLAIMS, DEMANDS, SUITS OR CAUSES OF ACTION BY REASON OF OR IN ANY WAY ARISING FROM OR RELATED TO ANY AND ALL HEALTHCARE PROVIDED TO JAMES SCOTT REED BY REASON OF OR ARISING OUT OF THE EVENTS ABOVE DESCRIBED AND THOSE ALLEGED IN THE LAWSUIT OR TO THE DEATH OF JAMES SCOTT REED WHICH HAVE PREVIOUSLY BEEN ASSERTED OR MAY HEREAFTER BE ASSERTED, AGAINST RELEASEES, OR ANY OF THEM, BY ANY PERSON OR ENTITY, AND ALSO OF AND FROM ANY AND ALL LIABILITY, CLAIMS, DEMANDS, SUITS OR CAUSES OF ACTION BY REASON OF OR IN ANY WAY ARISING FROM OR RELATED TO ANY AND ALL HEALTHCARE PROVIDED TO CLAIMANTS, OR TO ANY OF THEM, RELATED TO

12

OR ARISING OUT OF THE EVENTS ABOVE DESCRIBED AND THOSE ALLEGED IN THE LAWSUIT, WHETHER ASSERTED BY DIRECT CLAIM OR BY CROSS-CLAIM OR BY THIRD-PARTY CLAIM OR IN ANY OTHER MANNER, AND WHETHER RESULTING SOLELY OR IN PART FROM THE NEGLIGENCE, CONDUCT OR FAULT OF RELEASEES, OR ANY OF THEM, OR OTHERWISE.

FOR AND IN CONSIDERATION OF THE PAYMENT PROVIDED FOR  HEREIN, CLAIMANTS REPRESENT AND WARRANT THAT ALL VALID DEBTS OF THE ESTATE OF JAMES SCOTT REED, DECEASED, HAVE HERETOFORE BEEN PAID OR WILL HEREAFTER BE PAID BY CLAIMANTS OUT OF THE PROCEEDS OF THIS SETTLEMENT, AND CLAIMANTS ASSUME FULL RESPONSIBILITY FOR PAYING ALL SAID VALID OUTSTANDING AND UNPAID DEBTS AND CLAIMS AND CLAIMANTS HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS RELEASEES, AND EACH OF THEM, OF AND FROM ANY AND ALL SUCH CLAIMS, DEMANDS OR DEBTS OF THE ESTATE OF JAMES SCOTT REED.

FOR AND IN CONSIDERATION OF THE PAYMENTS PROVIDED FOR HEREIN, CLAIMANTS FURTHER AGREE TO INDEMNIFY AND HOLD HARMLESS THE RELEASEES, AND EACH OF THEM, OF AND FROM ANY AND ALL DAMAGES, LOSSES, EXPENSES, OR ATTORNEY'S FEES INCURRED BY OR ON BEHALF OF RELEASEES, OR ANY OF THEM, BY REASON, IN WHOLE OR IN PART, OF A BREACH BY CLAIMANTS, OR ANY OF THEM, OF ANY ONE OR MORE OF THE WARRANTIES OR REPRESENTATIONS MADE BY CLAIMANTS IN THIS AGREEMENT.

For said consideration, Claimants agree and warrant:  that no promise or agreement not herein expressed has been made; that this release is not executed in reliance on any statement or representation made by the party or parties hereby released or by any representative, attorney or

agent of any party released; that the above mentioned sole consideration is accepted in full compromise, settlement, accord and satisfaction of all claims and demands, past, present and future, whether known or unknown, resulting from the events above described and those alleged in the Lawsuit, that this agreement is contractual and not merely recital; and that claim for all bills, costs, attorneys' fees, and expenses of every kind is included herein, and Claimants and their attorneys hereby agree to see that such bills, expenses and costs are paid.

It is further agreed and understood that this agreement shall not be construed or used as an admission of liability on the part of any party released, by whom liability is expressly denied, and that the sum herein paid is by way of compromise and settlement of a disputed matter and controversy, and is made in order to avoid the trouble and expense of further investigation and litigation.

Claimants understand that all sums above referenced are being paid in settlement of claims for damages received on account of the injuries described above and the death of James Scott Reed and that said sums constitute damages on account of personal injuries, death and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. Claimants further understand and agree that the Releasees and their representatives, attorneys and agents have made no representations, statements or warranties of any kind to Claimants or to their representatives, attorneys or agents regarding the income or other tax effects, consequences, ultimate treatment or results of the settlement and the payment set forth in this Agreement and that Claimants are in no way relying on Releasees or their representatives, attorneys or agents regarding such matters but are instead relying on advice of their own selection regarding such matters. Claimants further agree and understand that if any of the proceeds of the settlement and payment provided for herein are ultimately determined to be subject to taxation of any kind, Claimants will be responsible for paying any such taxes and that such result will in no way invalidate the terms

*Release of All Claims, Settlement and Indemnity Agreement*
**EXHIBIT A**

of the settlement set forth herein, or be a basis for challenging or setting aside this Release of All Claims, Settlement and Indemnity Agreement.

Claimants also state and represent that they have read this Release of All Claims, Settlement and Indemnity Agreement in full detail; that the same has been explained to them in full detail by their duly licensed attorneys; that they completely understand the same in full detail; that they are competent to enter into this Agreement and are under no legal disability; that they are not now undergoing any psychiatric, psychological or medical treatment which would impair their ability to understand or consent to this Release of All Claims, Settlement and Indemnity Agreement; that no guardian has ever been appointed for any of them; that they have not assigned all or any part of the alleged causes of action and claims hereby released to any person or entity, except to their attorneys who are joining in this settlement and whose claims are also hereby settled and released; that Claimants understand that the settlement evidenced hereby is the final settlement of all differences between Claimants and Releasees; and that they have voluntarily entered into the settlement evidenced hereby of their own free will in consideration of the payment of monies set forth herein.

**(SEE NEXT PAGE FOR SIGNATURES)**

4856-1761-9072, v. 1

WITNESS MY HAND this _1st_ day of _October_ , 2023.

_Diane Reed Bright_
Diane Reed Bright, Claimant

STATE OF TEXAS                                §

COUNTY OF _BELL_                    §

Before me, the undersigned Notary Public, on this day personally appeared Diane Reed Bright, who, after being duly sworn, stated under oath that she has read the above Release of All Claims, Settlement and Indemnity Agreement; and that the facts set forth therein are true and correct and within her personal knowledge, and that she has executed said document for the purposes and consideration therein stated.

SUBSCRIBED AND SWORN TO BEFORE ME, on this _1st_ day of _October_ , 2023, to certify which witness my hand and seal of office.

Notary Public in and for
the State of Texas

ROLANDO MEDRANO
Notary Public, State of Texas
Comm. Expires 08-15-2027
Notary ID 134509-

WITNESS MY HAND this _1st_ day of _October_ , 2023.

*Release of All Claims, Settlement and*
*Indemnity Agreement*
**EXHIBIT A**

4856-1761-9072, v. 1

_____

Marcus Reed, Claimant

STATE OF TEXAS                          §

COUNTY OF _Bell_____                    §

  Before me, the undersigned Notary Public, on this day personally appeared Marcus Reed, who, after being duly sworn, stated under oath that he has read the above Release of All Claims and Indemnity Agreement; and that the facts set forth therein are true and correct and within his personal knowledge, and that he has executed said document for the purposes and consideration therein stated.

  SUBSCRIBED AND SWORN TO BEFORE ME, on this _1st_ day of _October_____, 2023, to certify which witness my hand and seal of office.

> ROLANDO MEDRANO
> Notary Public, State of Texas
> Comm. Expires 08-15-2027
> Notary ID 134509726

Notary Public in and for
the State of Texas

WITNESS MY HAND this _1st_ day of _October_____, 2023.

*Release of All Claims, Settlement and*
*Indemnity Agreement*
**EXHIBIT A**

4856-1761-9072, v. 1

Larry Reed, Claimant

STATE OF TEXAS                           §

COUNTY OF _Bell_____                 §

Before me, the undersigned Notary Public, on this day personally appeared Larry Reed, who, after being duly sworn, stated under oath that he has read the above Release of All Claims, Settlement and Indemnity Agreement; and that the facts set forth therein are true and correct and within his personal knowledge, and that he has executed said document for the purposes and consideration therein stated.

SUBSCRIBED AND SWORN TO BEFORE ME, on this _01_ day of _October_____, 2023, to certify which witness my hand and seal of office.

Notary Public in and for
the State of Texas

ROLANDO MEDRANO
Notary Public, State of Texas
Comm. Expires 08-15-2027
Notary ID 134509726

WITNESS MY HAND this _01_ day of _October_____, 2023.

18

*Release of All Claims, Settlement and
Indemnity Agreement*
**EXHIBIT A**

_____

Jumeka Reed, Claimant

STATE OF TEXAS                          §

COUNTY OF ___BELL_____                §

    Before me, the undersigned Notary Public, on this day personally appeared Jumeka Reed, who, after being duly sworn, stated under oath that she has read the above Release of All Claims, Settlement and Indemnity Agreement; and that the facts set forth therein are true and correct and within her personal knowledge, and that she has executed said document for the purposes and consideration therein stated.

    SUBSCRIBED AND SWORN TO BEFORE ME, on this 1st day of ___October_____, 2023, to certify which witness my hand and seal of office.

ROLANDO MEDRANO
Notary Public, State of Texas
Comm. Expires 08-15-2027
Notary ID 134509726

_____

Notary Public in and for
the State of Texas

*Release of All Claims, Settlement and*
*Indemnity Agreement*
**EXHIBIT A**

4856-1761-9072, v. 1



800 W. CENTRAL TEXAS EXPY STE 125
HARKER HEIGHTS TX 76548-1899
254-618-1050


September 6, 2023


Re:  Marcus Dewayne Reed
      805 Valley Rd
      Killeen TX 76541

To Whom It May Concern:

Marcus D. Reed was seen in my office on 9/6/2023 for a follow-up appointment.  Mr. Reed has the following conditions of Diabetes, Hypertension, Schizophrenia, Cognitive Impairment and Tardive Dyskinesia, which has caused the patients disability and the inability to write.


If you have any questions or concerns, please don't hesitate to call at 254-618-1050.


Sincerely,



Helmut Rauch, MD

**EXHIBIT A**